UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH KENT,

    Plaintiff,

    v.

EDMUND G. BROWN, et al.,

    Defendants.

Case No. 14-cv-02557-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP) in Soledad, California, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that officials improperly have denied him secure housing accommodations, thereby acting with deliberate indifference to his safety. Plaintiff alleges he is an LGBTQ inmate and that his current housing classification exposes him to enemy concerns. According to the complaint, another inmate attempted to stab plaintiff in May 2014.

Plaintiff names California Governor Edmund Brown, the Director of the California Department of Corrections and Rehabilitation, and former SVSP Warden Grounds, but adds no facts whatsoever linking them to his allegations of wrongdoing.

## DISCUSSION

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u>

1  § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police
2  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

3  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
4  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
5  violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S.
6  42, 48 (1988).

B.  Legal Claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). This includes prison officials' duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at a prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to the inmate's safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

A prison official cannot be held liable under the Eighth Amendment for failing to guarantee the safety of a prisoner unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id.

Deliberate indifference describes a more blameworthy state of mind than negligence. See Farmer, 511 U.S. at 835 (citing Estelle, 429 U.S. at 104). Negligence, and even gross negligence, are not enough to amount to an Eighth Amendment violation. Farmer, 511 U.S. at 835. Deliberate indifference is not shown by merely stating that a defendant should have known of a risk, but requires an actual perception of a risk that does not exist merely because a reasonable person should have perceived a risk. Id. at 836.

1 Plaintiff's allegations will be dismissed with leave to amend to set forth specific facts showing how each named defendant was deliberately indifferent to plaintiff's safety, if possible. Plaintiff also must link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A prison official cannot be liable for damages under § 1983 simply because he is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within **thirty (30)** days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (14-2557 JST (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.** The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: October 8, 2014

_____
JON S. TIGAR
United States District Judge